# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 15, 1928.

DI MARTINO
VS.
BONARRIGO.

*William H. Surratt* for complainant.
*John Henry Lewin* for defendant.

O'DUNNE, J.—

Complainant and defendant are owners of adjoining houses. In 1920, before defendant acquired his present holding, both properties were set back about 15 feet from the true building line of Harford avenue. They were separated by a party wall. Complainant, the owner of 2226, extended the wall from the front of the party wall line out to the building line of Harford avenue. The wall does not seem to have been extended *by agreement* as a party wall. There is some claim that the co-owner of a party wall has the *right* to extend it *laterally* as well as upwards, but authorities on that seem to be lacking in this State, and there is no necessity of my interpreting and applying out of State authorities. The new construction as made by complainant in 1920, encroached some three, four or five inches (expert testimony varying as to exact amount), and ran, in a triangular form, to the building line with a base of three, four or five inches resting on the adjoining property opposite the party wall. Complainant claims that only 18% of his wall, as so constructed, encroaches on the property of his neighbor, the defendant. But 18% *he admits.*

A year or so ago, defendant extended his building forward and used complainant's wall to the south of him, and erected a two-story front addition to his property, resting on the one-story front wall of the complainant as extended forward in 1920.

The relief he now seeks is a mandatory injunction to require defendant to tear down the south end of his two-story building, even if the injunction should also require him, the complainant, to tear down his original encroaching wall upon which this superstructure now rests.

The defendant contends that this Court may decree it an extension of a party wall, and that the building code in such cases requires the user of a party wall, at the time of use, to pay one-half the cost of construction. The cost of construction in 1920, was about $140 (on this experts vary). Being built at the time of second-hand brick, I estimate that half the cost of construction would then be about $60, or a possible $70. Defendant contends that if not a party wall, and if the suit is to be regarded as one of trespass, and claim for damages and for rental value for use of property, complainant should be relegated to a suit at law where trial of title can be had and damages ascertained by a jury.

The relief sought by complainant savors too strongly of vengeance in which he is also willing to sustain great injury and inconvenience if

given the satisfaction of seeing his neighbor suffer even vastly more. This character of relief makes no appeal to the conscience of the Court. According to his own contention, he is an original trespasser to the extent at least of 18% of the wall by him constructed in 1920. If it had not been then so constructed, this contention could not have arisen.

Who seeks equity must do equity. The bill will, therefore, be dismissed with costs. Unless the parties at some subsequent period of conservative thought see fit to establish it as a party wall, and bear respectively proper, proportional costs of construction, the Common Law Courts are always open to litigants whose extravagant love of legal justice submerges the practical aspects of neighborhood life. I, therefore, relegate the parties to the tender mercies of the Common Law Courts, which sometimes feel constrained to respect legal rights regardless of common sense or common justice which fortunately more strongly grip the equitable tribunal.

The bill will be dismissed with costs.